## The STATE, use of J. S. ADAMS *vs.* PETER VANDEVER et al.

A landlord is entitled to a year's rent out of tenant's goods taken in execution and sold by a creditor.

This may be rent in arrear, or for the current year.

If it be a money rent it is to be paid out of the proceeds of sale, in preference to the execution.

If a grain rent or share, the crops are to be sold *subject* to the rent, and the execution creditor is entitled to all the proceeds of sale.

DEBT on sheriff's recognizance. The narr. counted on the bond, set out the condition, and averred a judgment at the suit of John S. Adams *vs.* Joseph M'Coy, for $790. Execution issued to May term, 1835, to which the sheriff returned "levied on goods and chattels as per inventory and appraisement annexed," afterwards, to wit, 28th

January, 1835, the following goods were replevied by the coroner as per statement annexed; afterwards, to wit, 2d March, 1835, sold the remainder of said goods for the sum of $249 20, *subject to $268 34, rent claimed by Philip·Reybold.* The breach was, that said Peter Vandever did not well and truly execute said writ, and had not the money before, &c., at, &c., according to the exigency of the writ. 2d. Averring that Peter Vandever, by his said return, certified that some of said goods were replevied by Philip Reybold, and the remainder was sold for $249 20, subject to $268 34, claimed by said Philip Reybold for rent; whereas, in fact, said goods were not subject to any rent, nor was there any valid claim for rent, entitled to preference out of said sales; and assigning as a breach the non payment of the amount of sales. 3d. After the replevin, which Peter Vandever returned, was taken out by Philip Reybold, for the goods levied on, judgment was rendered against said Reybold in favor of said Peter Vandever, for $165, which became thereby a fund for the payment of said execution. Breach, non-payment of that sum. General breach, non-payment.

Pleas, 1st, that said Peter Vandever did well and truly execute said fieri facias, and had, &c., at the return thereof, the money arising from the sale of the goods, sold by virtue of said writ. 2d. That the said Philip Reybold was the *landlord* of the said Joseph McCoy, and claimed said rent of Peter Vandever, who thereupon returned said sale *subject to said claim.* That said J. S. Adams never contested said claim then or since, until bringing this suit; and that before this suit was instituted, said Peter Vandever, to wit, April 22d, 1837, *paid* said rent to Philip Reybold. 3d. That said Peter Vandever always was and is ready to pay to said John S. Adams the balance due him, and tendered the same April 24th, 1837, and now brings the same into court. Replication and issue to the first, plea; and, as to the second plea, that no rent was due to Philip Reybold, nor was the said sale subject to said claim of rent. That J. S. Adams, on divers times after the return of the said writ, before the institution of this suit, and before the alledged payment to Philip Reybold, did inform Peter Vandever that no rent was due to Philip Reybold, and that the claim to the same would not be allowed. Issue. Replication to third plea of tender: plaintiff replies a demand previous to 24th April, 1837, and that the balance due was not tendered. Issue.

*Rodney,* to jury:

This was a grain rent. The sheriff is not authorized to fix the amount of such rent in money. The provision is different from a money rent. He is bound to pay a money rent, out of the proceeds of

sale. He must sell the grain *subject* to grain rent, and cannot deduct the value of such grain rent out of the proceeds of sale. (*Dig.* 366-7.)

*Booth* and *Hamilton :*

When a sheriff, levies an execution on the goods of a tenant, the levy is subject to landlord's rent. The sheriff is not bound to prove the whole transaction between landlord and tenant, in an action against him for the money levied. He is not liable unless he has acted *intentionally* wrong or *in fraud.* If the sheriff return a sale, subject to rent, he is not liable though there be no rent due, unless fraud can be shown. If he paid Reybold money that was not due to him as rent, Reybold would be liable to the plaintiff in an action for money had and received to his use ; and the sheriff is not liable if he act in good faith. If the plaintiff chooses to resist the payment of rent to the landlord, he should give notice to the sheriff not to pay it, and the sheriff might then bring it into court. This fieri facias was returned May, 1835, levied and goods sold subject : no objection made to the return, sheriff pays the rent; and then the plaintiff sues him for the whole amount. The sheriff could not recover this money back from Reybold, on a mere mistake of the law.

This case is analogous to an action against the sheriff for a false return ; and there ought to have been an allegation that it was false. (2 *Phil. Ev.* 238.)

*Per Curiam :*

HARRINGTON, *J.*—If the sheriff return a sale of goods *subject* to a *certain* rent which he *pays* to the landlord, slight evidence will be sufficient for him to defend himself against the claim of the plaintiff in the execution, to the amount of such payment. In such an action it will be for the plaintiff to show that such rent was not due.

But there is an important distinction between a *money* rent and a *grain* rent or share. In either case the landlord is entitled to be paid one full year's rent. If it be a money rent, and the goods of the tenant be sold by the sheriff, he is bound to pay the landlord his rent *out of the proceeds* of sale. If the rent be a grain rent or share, then the crops *growing or being* on the premises are to be sold by the sheriff, *subject* to the rent, and are liable to the landlord in the hands of the purchaser, and the sheriff is bound to pay the whole of the proceeds of such crops to the plaintiff in the execution, without any deduction for rent.

It is important then, for the jury to determine what rent this is ; and what was levied and sold under the execution process. The defendants insist that Reybold claimed the rent for 1833-4, due 25th March, 1834, and in proof of this they show that about the time of the levy ; Reybold distrained for this rent, which must have been the

rent of 1834, for the rent of 1835 not then being due, he could not destrain for it. On the other hand it is insisted, that according to the evidence, this rent of 1834, or some part of it, had been paid; and that it must, therefore, be the rent of 1835. The landlord is entitled to the rent either in arrear or growing due; not exceeding one year's rent. If this was rent arrear it was a *debt* due from the tenant; and, being ascertained in amount by the method provided by the law, we incline to think it would fall within the equity of the act as a *money* rent, and become payable out of the sale of the goods.

But if any portion of this sale was grain, or other produce, growing or being on the premises, we are clearly of opinion that no part of the proceeds of such sale was applicable to the landlord's claim for rent. The execution creditor is entitled to all that such produce or grain should sell for. It is the duty of the sheriff to sell such produce, subject to the claim of rent, and the purchaser is liable to the landlord.

If, therefore, the jury should find that any part of the money raised by this sale was the proceeds of grain, or other produce, which was subject to pay rent by the share, they should not allow the payment made by the sheriff to the extent of the landlord's share of such produce, or its proceeds. And if the jury are satisfied by the evidence, that the rent of 1834, or any part of it, was paid to Reybold by the tenant, M'Coy, then the payment by the sheriff to Reybold of the whole year's rent was not authorized, and it would be subject to a deduction to the extent of the tenant's payment.

Verdict for plaintiff.

*Rodney*, for plaintiff.
*Booth* and *Hamilton*, for defendant.